UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JONATHAN STRONG** | * | CIVIL ACTION NO. 11-392 |
| derivatively on behalf of Tidewater, Inc. | * | |
| Plaintiff | * | |
| | * | SECTION: H |
| **VERSUS** | * | JUDGE JANE TRICHE MILAZZO |
| | * | |
| **DEAN E. TAYLOR, ET AL** | * | |
| Defendants | * | MAGISTRATE: 5 |
| | * | MAG. ALMA L. CHASEZ |
| and | * | |
| **TIDEWATER, INC.** | * | |
| Nominal Defendant | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**<u>ORDER AND REASONS</u>**

The matter before the Court is Plaintiff's Motion to Stay. (Doc. 51.) For the following reasons the Motion is DENIED.

**BACKGROUND**

Tidewater, Inc. ("Tidewater") is a company incorporated in Delaware, but maintains its

-1-

worldwide headquarters and principal executive offices in New Orleans, Louisiana. Tidewater renders offshore service vessels and marine support services to the global offshore energy industry. Tidewater provides these services in support of all phases of offshore exploration, field development, and production. Tidewater Marine International, Inc. ("TMII") is a wholly-owned subsidiary of Tidewater. Tidewater conducts business in Nigeria and Azerbaijan through TMII.

On February 16, 2011 Plaintiff Jonathan Strong ("Strong") filed a shareholder derivative suit against Defendants. (Doc. 1.) A shareholder since 1999, Strong alleged that Tidewater, via TMII, violated the Foreign Corrupt Practices Act ("FCPA") by paying bribes to officials in Nigeria and Azerbaijan. (*Id.*) Strong further alleged that the Board of Directors of Tidewater breached their fiduciary duties, abused their control, committed gross mismanagement, wasted corporate assets, and were unjustly enriched. (*Id.*)

On September 1, 2011 Defendants filed Motions to Dismiss. (Docs. 29, 32.) On July 2, 2012 the Court granted the Motions to Dismiss. (Doc. 50.) The Court found that the Complaint failed to allege sufficient facts to state a claim that demand on the Board of Directors would have been futile. (*Id.*) The Court dismissed the case without prejudice and allowed the Plaintiffs ability to amend the Complaint within twenty days. (*Id.*)

On July 23, 2012 Strong filed a Motion to Stay. (Doc. 51.) Defendants filed oppositions on August 7, 2012. (Docs. 52, 53.) Strong filed a Reply on August 14, 2012. (Doc. 58.) The Court took the Motion under submission on August 15, 2012.

**LEGAL STANDARD**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  Thus, district courts are called to exercise the appropriate judgment in weighing competing interests.  *See Id.* (citations omitted).  "Generally, the moving party bears a heavy burden to show why a stay should be granted absent statutory authorization." *Coastal (Berm.) Ltd. v. E.W. Saybolt & Co., Inc.*, 761 F.2d 198, 203-4 n. 6 (5th Cir. 1985) (citing *Nederlandse Erts-Tankersmaatschappij, N.V. v. Isbrandtsen Co.*, 339 F.2d 440, 442 (2nd Cir. 1964)).  Ultimately, "[a] district court has a discretionary power to stay proceedings before it in the control of its docket and in the interests of justice, but this control is not unbounded." *In re Beebe*, 56 F.3d 1384, 1384 (5th Cir. 1995) (citations omitted).

**LAW AND ANALYSIS**

For the reasons that follow this Court does not find that a stay is appropriate in the instant matter.  Accordingly, Plaintiff's Motion to Stay is denied.

I. *Arguments of the Parties*

Plaintiff argues that a stay is proper because it would promote judicial economy and further public policy.  (Doc. 51-2 at 9.)  Plaintiff notes that he made a demand to the Tidewater Board of

Directors ("Board") on July 23, 2012. (*Id.*)  Plaintiff contends that if the Board refuses his demand, he should be allowed to continue prosecuting this action as opposed to filing another suit that, Plaintiff argues, would cause unnecessary delay and waste the resources of the parties and the Court. (*Id.*) Plaintiff further alleges that granting a stay will serve the interest of justice because it eliminates a potential statute-of-limitations concern.  (*Id.* at 13.)  Plaintiff further asserts that "in similar situations, federal courts have repeatedly stayed shareholder derivative actions pending resolution of shareholder litigation demands." (*Id.* at 10.)  Lastly, Plaintiff contends that the Court should grant the Motion because a stay would be limited in duration.  (*Id.* at 12.)  Specifically, Plaintiff argues that because corporate boards must respond to a shareholder litigation demand within a reasonable time, a stay pending a board's response to a litigation demand is necessarily limited to a reasonable period.  (*Id.*)

Defendants argue that the case should be dismissed with prejudice because Plaintiff failed to amend his Complaint.  (Doc. 52 at 2.)  Essentially, because Plaintiff made demand upon the Board, Defendants contend that this act constitutes an admission by Plaintiff that a majority of the Board is not conflicted. (Id.)  Consequently, Defendants aver that there is no basis for his Complaint. (*Id.*) Defendants further argue that any statute of limitations problem is that of his own making. (*Id.* at 2-3.) Defendants aver that Plaintiff knew early on that Defendants would challenge the futility of demand claim, yet failed to amend his complaint or serve a demand on the Board sooner.  (*Id.* at 3.)  Lastly, Defendants allege that granting the stay and allowing this litigation to

continue would be an unjustified waste of Defendants and the Court's time. (*Id.*) Defendants note that Tidewater has already conducted investigations which were endorsed by the Securities and Exchange Commission ("SEC") and Department of Justice ("DOJ"). (*Id.* at 14.) Accordingly, Defendants aver that Plaintiff's demand would have the Board repeat its earlier investigation, and this does not constitute a good-faith basis for the continuation of this litigation. (*Id.* at 15.)

*II.    Analysis*

The Court first notes that the only relief granted to Plaintiff by the Court in its July 2, 2012 Order and Reasons was leave to amend the Complaint. Plaintiff failed to amend his Complaint and instead requested a Motion to Stay. Although Plaintiff should have amended his Complaint and *subsequently* filed a Motion to Stay, the Court will entertain Plaintiff's Motion.

In deciding whether to grant a stay, a court considers the following factors: (1) hardship and inequity on the moving party without a stay; (2) prejudice the non-moving party will suffer if a stay is granted; and (3) judicial economy. *Boyd v. Occidental Fire & Cas. Co. of N.C.*, No. 10-0672, 2011 WL 4062383, at *1 (M.D. La. Sept. 13, 2011) (citing *Falgoust v. Microsoft Corp.*, No. Civ. A. 00-0779, 2000 WL 462919, at *2 (E.D. La. Apr. 19, 2000)). For the following reasons, the Court finds that the factors do not weigh in favor of granting a stay. Accordingly, Plaintiff's Motion is denied.

    A.    <u>Hardship and Inequity on the Moving Party Without a Stay</u>

The Court acknowledges that if a stay is not granted then the Plaintiff may be faced with filing another action. Additionally, Plaintiff may be time-barred as the earliest of the bribes took

place in 2001. Nonetheless, the Court finds these potential hardships insufficient to warrant a stay in this matter.

"[A] shareholder derivative action is an action of last resort." *Gonzalez Turul v. Rogatol Distrib., Inc.*, 951 F.3d 1, 2 (1st Cir. 1991). Thus, "because directors are empowered to manage, or direct the management of, the business and affairs of the corporation, the right of a stockholder to prosecute a derivative suit is limited to situations where the stockholder has demanded that the directors pursue the corporate claim and they have wrongfully refused to do so or where demand is excused because the directors are incapable of making an impartial decision regarding such litigation." *Rales v. Blasband*, 634 A.2d 927, 932 (Del. 1993). Moreover, "because such derivative suits challenge the propriety of decisions made by directors pursuant to their managerial authority, we have repeatedly held that the stockholder plaintiff[] must overcome the powerful presumptions of the business judgment rule before they will be permitted to pursue the derivative claim." *Id.* at 933 (citing *Aronson v. Lewis*, 473 A.2d 805, 814 (Del. 1984)). In essence, a shareholder is only entitled to bypass a demand on the Board when that request would be futile. The shareholder then bears the heavy burden of alleging particularized facts regarding the Board's impartiality. *See Beam ex rel. Martha Stewart Living Omnimedia, Inc. v. Stewart*, 845 A.2d 1040, 1049 (Del. 2004).

The Court finds that Plaintiff has had significant time to make demand on the Board, and therefore its contention that it will face a hardship at this late stage bears no merit. A brief review

of the procedural history underscores this finding.[1]  Plaintiff filed his derivative Complaint on February 16, 2011.  In June, 2011 Defendants notified Plaintiff that they intended to move to dismiss the Complaint on the basis that Plaintiff had not served the board with a pre-suit demand and had failed to plead demand futility. (Doc. 52-2 at ¶6.)  On September 1, 2011 Defendants filed their Motions to Dismiss.  The Motion was taken under submission on October 13, 2011.  On July 2, 2012 the Court granted Defendants' Motions to Dismiss.  In its Order and Reasons the Court held that Plaintiff failed to plead with sufficient particularity that demand on the board would have been futile.  On July 23, 2012 Plaintiff made demand on the Board and filed the instant Motion to Stay.

Presumably Plaintiff was familiar with the requisite procedure of shareholder derivative suits when he filed his Complaint in February of 2011.  Even assuming *arguendo* that Plaintiff was unfamiliar with such procedural requirements, Plaintiff certainly knew by September 1, 2011 the strict requirements under Rule 23.1 for pleading a shareholder derivative suit.  Plaintiff had ample time between the filing of the Motions of Dismiss and this Courts ruling to request a stay of the matter and make demand on the Board.  Plaintiff failed to do so.

Ultimately, the Court does not believe that a stay is an appropriate mechanism to allow Plaintiff to shop for viable causes of action that are not yet in existence at this late time.

---

[1] Defendants provide a summary of the procedural history for the Court.  Throughout the procedural history Defendants proceed to "enlighten" the Court with the procedural history of a sister court case.  *See Freuler v. Parker Drilling Co.*, 803 F. Supp. 2d 630 (S.D. Tex. June 30, 2011); *see also Freuler v. Parker Drilling*, No. Civ. A. H-10-3148, 2012 WL 896414 (S.D. Tex. Mar. 14, 2012).  The Court finds the *Freuler* procedural history to be irrelevant and inconsequential to the matter before it.  Accordingly, this Court disregards any reference made to *Freuler* and focuses on the case at hand.

Accordingly, this factor weighs in favor of denying the stay.

      B.      <u>Prejudice to the Non-Moving Party If a Stay Is Granted</u>

First, Defendants would likely be forced to re-open an investigation that has already concluded. Tidewater has already conducted two investigations into the instant matter. Specifically, after being notified of potential wrongdoing in April 2007, Tidewater retained outside counsel to investigate. Tidewater voluntarily disclosed its investigation to the SEC and DOJ and stated its intention to cooperate fully with those agencies. A second investigation took place in cooperation with the SEC and DOJ. This investigation was completed in March, 2010. The SEC and DOJ endorsed this investigation. Ultimately, settlements were reached in November, 2010 between the DOJ, SEC, and Tidewater. (*See* Doc. 32-7.) The Court finds that having to complete another investigation would be costly and time consuming.

Additionally, as a part of these investigations, Tidewater has entered into binding agreements with the government to establish various procedures to prevent future violations of the FCPA. Specifically, Tidewater enhanced its FCPA compliance policy, substantially revisited its Code of Conduct as well as additional relevant policies and procedures, and instituted worldwide training program for employees. (*Id.* at ¶5e.) Thus, Tidewater has taken steps to remedy the violations. Under the binding agreements with the DOJ and SEC, it is doubtful that Tidewater could make any greater changes or amend the changes that have been outlined in the agreements. As such, the Court finds that there would be great prejudice to the Defendants if they were forced to

conduct another investigation and potentially have to re-configure or breach settlements with the DOJ and SEC.

Moreover, if a stay is granted the Defendants will be forced to potentially litigate a case based on the possibility of some future claim. At this point, a demand on the Board has been made, however the Board has yet to answer it. A distinct possibility exists that the Board will detail the investigations that have taken place since 2007 and highlight the procedures that they have put in place in light of the settlement agreements. This information could potentially be sufficient for Plaintiff. Alternatively, Tidewater may reject Plaintiff's demands, in which case Plaintiffs would have the option of filing a new action alleging wrongful refusal. *See Zapata Corp., v. Maldonado*, 430 A.2d 779, 784--6 (Del. 1981) (absent a wrongful refusal, a stockholder's ability to initiate a derivative suit is terminated).

Ultimately, allowing this suit to languish over the next weeks or months while the Board considers the demand would burden both the Defendants and this Court. This is particularly true in light of the protracted procedural history of this case. Plaintiff argue that the Board is required to respond to his demand within a reasonable time. The Court, however, finds this reason to be insufficient to overcome the great prejudice the Defendants and the Court would face.

  C. <u>Judicial Economy</u>

Plaintiff avers that a stay will promote judicial economy and efficiency because this action has proceeded for over a year and the Court is familiar with his claims. (Doc. 51-2 at 1.) Plaintiff

contends that in the event the Board refuses Mr. Strong's demand, and its refusal fails to pass muster under the business judgment rule, he should be allowed to continue prosecuting these claims on Tidewater's behalf in this Court. (*Id.*)  Plaintiff requests the Court to follow precedent set in other cases and stay the action. (Id. at 6-7.) (citing *In re Regions Morgan Keegan Securities, Derivative, & ERISA Litig.*, 742 F. Supp. 2d 917 (W.D. Tenn. 2010); *Mills v. Esmark, Inc.*, 91 F.R.D. 70 (N.D. Ill. 1981); *Stotland v. GAF Corp.*, 469 A.2d 421 (Del. 1983)).

The Court, however, finds that judicial economy would not be promoted by staying this action.  Plaintiff has belabored filing a stay even though Plaintiff was aware that demand futility was being attacked and possessed information detailing the past investigations and binding agreements with the government.  Additionally, the cases that Plaintiff cites are not binding on this Court and are distinguishable from the instant action.[2]  In light of all of the foregoing reasons, this Court finds that judicial economy would be disserved by allowing a stay.

**CONCLUSION**

For the foregoing reasons, the Motion to Stay filed by Plaintiff is DENIED.  Accordingly, the

---

[2] In *In re Regions Morgan Kegan Securities, Derivative, ERISA Litig.* the Court stayed the action pursuant to a new Board of Directors taking office and requesting the Court to stay the proceedings pending their internal investigations.  742 F. Supp. 2d at 923.  In the case at hand the Board has already made an investigation.  In both *Mills* and *Stotland* a demand had been made on the Board before suit was filed. *Mills*, 91 F.R.D. at 71; *Stotland*, 469 A.2d at 422.  In this case a demand was not made prior to suit being filed.

instant matter is DISMISSED WITH PREJUDICE and Judgment shall be entered.

New Orleans, Louisiana on this 5th day of March, 2013.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT COURT JUDGE**